United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN R. OWENS, *et al.*, | No. C-11-4580 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER; AND ORDER TO SHOW CAUSE** |
| BANK OF AMERICA, *et al.*, | |
| Defendants. | **(Docket No. 2)** |
| _____/ | |

Plaintiffs Joann R. Owens and Larry M. Owens have filed suit against Defendants Bank of America, Matrix Servicing, LLC, and J.P. Morgan Mortgage Acquisition Corp., asserting claims for, *inter alia*, breach of contract and fraud. Currently pending before the Court is Plaintiffs' motion for a temporary restraining order, in which they seek to enjoin a foreclosure sale of their home, scheduled for September 19, 2011. Having considered the papers submitted, the Court hereby **GRANTS** Plaintiffs' motion.

## I. DISCUSSION

A.  Notice

As a preliminary matter, the Court must address whether notice of Plaintiffs' motion was given to Defendants. Having reviewed the Hochhausen declaration and the supplemental Hochhausen declaration, the Court finds that oral notice was given to Defendants. *See* Fed. R. Civ. P. 65(b)(1) (referring to issuance of a TRO without written or oral notice). Moreover, both oral and written notice were given to Quality Loan Services Corp., which appears to be an agent for at least

United States District Court
For the Northern District of California

1 some of the defendants.[1] In spite of the notice, no Defendant has indicated to Plaintiffs, either
2 directly or through Quality Loan, that they intend to oppose the request for relief. Nor has any
3 Defendant made an appearance in this action to respond to Plaintiffs' request for a TRO.

4 B.    TRO Factors

5    Preliminary injunctive relief may be issued where (1) irreparable harm is likely to result in
6 the absence of such relief, (2) serious questions going to the merits are raised, (3) the balance of
7 hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *See*
8 *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

9    In the instant case, each of the above factors has been satisfied. As indicated above,
10 Plaintiffs will suffer irreparable harm without a TRO because, without a TRO, their home will be
11 sold. In addition, there are serious questions going to the merits on the claim for breach of contract.
12 Although Plaintiffs appear to have returned the modification agreement in an untimely manner, *see*
13 Owens Decl., Ex. 1 (letter) (indicating that return within seven days from the date of the letter is
14 required or the offer "will expire automatically without further notice"), Defendants arguably
15 waived their right to challenge Plaintiffs' late acceptance by accepting in turn – and without any
16 objection – the initial check that Plaintiffs sent as the "mortgagor contribution" as well as
17 subsequent checks that Plaintiffs sent in the amount of the modified monthly mortgage. *See* Owens
18 Decl. ¶¶ 11-12. Alternatively, Plaintiffs' return of the modification agreement with their signatures
19 plausibly constituted a new offer which Defendants accepted by accepting the "mortgagor
20 contribution" check described above. Third, the balance of hardships tips sharply in Plaintiffs' favor
21 because they face the prospect of losing their home. In contrast, Defendants contemplate only
22 monetary loss (resulting from a mere delay in sale), which can be ameliorated with the posting of an
23 undertaking. Finally, a TRO is in the public interest precisely because of the serious questions
24 raised which make the foreclosure sale questionable.

25 ///
26 ///
27
28    [1] Quality Loan was listed as the entity requesting the recording of the notice of trustee's sale. *See* Owens Decl., Ex. 4 (notice).

2

C. <u>Terms of TRO</u>

Because the above factors have been satisfied, the Court shall issue a TRO. The TRO bars Defendants, as well as their agents, assigns, and those acting in concert with Defendants, from selling or attempting to sell the real property owned by Plaintiffs commonly known as 220 Johnstone, San Rafael, California 94903.

The TRO is effective upon the filing of this order. By September 19, 2011, Plaintiffs shall post an undertaking in the amount of $2,727.12. *See* Owens Decl. ¶ 12 (stating that this amount was the monthly mortgage agreed upon by the parties in the October 2009 modification agreement).

The TRO, as well as Plaintiffs' papers in support of the TRO, shall be served on Defendants no later than September 20, 2011. Plaintiffs shall serve Defendants directly, and not simply through another entity such as Quality Loan. A proof(s) of service shall be filed by September 21, 2011.

The TRO shall expire on September 30, 2011.

D. <u>Order to Show Cause</u>

Finally, Defendants are hereby ordered to show cause why a preliminary injunction should not be ordered enjoining Defendants, as well as their agents, assigns, and those acting in concert with Defendants, from selling or attempting to sell the real property owned by Plaintiffs commonly known as 220 Johnstone, San Rafael, California 94903.

Defendants' response to this order to show cause must be filed and served by September 26, 2011.

A hearing on the order to show cause shall be held on September 30, 2011, at 1:30 p.m. in Courtroom 5, 17th floor, 450 Golden Gate Avenue, San Francisco, California 94102.

This order disposes of Docket No. 2.

IT IS SO ORDERED.

Dated: September 16, 2011

_____
EDWARD M. CHEN
United States District Judge