**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN R. OWENS AND LARRY M. OWENS,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., *ET AL.*,<br><br>Defendants. | **Case No.:** 11-cv-4580-YGR<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Joanne R. Owens and Larry M. Owens ("Plaintiffs") bring this action against Defendants Bank of America, N.A. ("BANA"), J.P. Morgan Mortgage Acquisition Corp. ("JPM"), Marix Servicing, LLC ("Marix"), and Residential Credit Solutions ("RCS"). In their First Amended Complaint ("FAC"), Plaintiffs allege claims for: (1) breach of contract; (2) promissory estoppel; (3) fraud; (4) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d)(2)(B); (5) negligence; (6) violation of California Business & Professions Code §§ 17200 et seq. and 17500 ("UCL"); and (7) declaratory relief.

On June 5, 2012, JPM filed a Motion to Dismiss Plaintiffs' First Amended Complaint. (Dkt. No. 72.) On June 6, 2012, BANA filed a Motion to Dismiss Plaintiffs' First Amended Complaint.

(Dkt. No. 73.) Pursuant to stipulation, the parties continued the hearing and briefing deadlines on the motions twice.[1]  Defendants Marix and RCS filed their Motion to Dismiss on September 7, 2012. (Dkt. No. 92).

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** all three Motions to Dismiss **WITH LEAVE TO AMEND**.

## BACKGROUND

The Court assumes the truth of the allegations of the First Amended Complaint, as it must, for purposes of a motion to dismiss. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (court considers motion to dismiss on "the assumption that all of the complaint's allegations are true") (2007). Plaintiffs allege that they purchased a home in 2006 and refinanced the mortgage approximately a year later through American Brokers Conduit. (FAC ¶ 16.) In October of 2008, BANA acquired the loan. (FAC ¶ 17.) Approximately one year after that, as a result of the economic downturn, their income was greatly reduced and they found it "impossible for them to keep up with" the payments on the loan. (FAC ¶ 17.)

They contacted BANA and spoke with Sue Rogers, a Processor/Mortgage Specialist at BANA. (FAC ¶ 18.) They allege that they reached an agreement to modify the loan terms on October 6, 2009. (FAC ¶ 18.) They received a written modification offer with the terms as discussed, along with a cover letter from Rogers requesting that they contact her prior to signing. (FAC ¶ 19.) The written modification letter stated that it must be "signed by each borrower and

---

[1] On September 18, 2012, the Court issued an Order to Show Cause re: Dismissal requiring Plaintiffs to file their opposition to the BANA and JPM motions no later than September 25, 2012, and reset the hearings to October 16, 2012. Plaintiffs filed their oppositions on September 25. (Dkt. Nos. 99, 100.)

2

returned within seven days from the date of the letter," October 6, 2009.[2] (BANA Request for Judicial Notice.) The letter further states that, "[i]f we do not receive this signed acceptance letter, this offer will expire automatically without further notice." (*Id.*) After several unsuccessful attempts by Plaintiffs to contact Rogers, they signed the offer and returned it on October 19, 2009, along with a check for "modification fees in the amount of $1097.85." (FAC ¶ 19.)

Plaintiffs allege that BANA accepted the fees and posted them to Plaintiffs' account. (FAC ¶19.) BANA also accepted monthly loan payments in the modified amount for three months thereafter. (FAC ¶ 19.) However, despite its acceptance of the modified payments, BANA claimed that the loan modification had been "lost" and that Plaintiffs needed to "start again." (FAC ¶ 19.) For several months thereafter Plaintiffs went through a process of applying for a new loan modification and trying to get BANA to honor the terms of the loan modification they agreed to in October 2009. (FAC ¶¶ 21, 22.)

In January 2011, BANA sold the loan to JPM. Plaintiffs allege that, at the time the loan was sold to JPM, JPM and Marix (its loan servicer) knew that Plaintiffs had a loan modification and that Plaintiffs had performed under that loan modification for a period of time, but JPM and Marix refused to honor the modification.

**STANDARDS APPLICABLE TO THE MOTION**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is generally limited to the contents of the complaint. *Allarcom Pay Television. Ltd. v.*

---

[2] The terms of the written modification letter are not alleged in the FAC. However, Plaintiffs previously submitted the written modification letter in support of their ex parte request for a temporary restraining order to halt the foreclosure sale in this matter (Dkt. No. 4), and it is attached as Exhibit A to Plaintiffs' Opposition to the instant motions. (Dkt No. 97-1.) Indeed, Plaintiffs rely on the letter itself extensively in their arguments about the nature of their claims here. Accordingly, the Court finds the document a proper subject of judicial notice in connection with the motions to dismiss. BANA's Request for Judicial Notice is **GRANTED** insofar as it seeks judicial notice of the modification offer letter.

3

*Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93, 94 (2007). However, legally conclusory statements not supported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*").

A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46. "So long as the Plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceeding when the Plaintiff's case can be rejected on evidentiary grounds." *Balderas v. Countywide Bank,* 664 F .3d 787, 790 (9th Cir. 2009). Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("*Twombly*"). Thus, a motion to dismiss will be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59.

**DISCUSSION**

**I.    CLAIMS AGAINST BANA**

*A.    Breach of Contract*

The first claim for breach of contract appears on its face to be barred by Plaintiffs' failure to satisfy a condition precedent, acceptance of the offer and return of the offer letter within seven days. The letter is dated October 6, 2009, and Plaintiffs allege that they signed it on October 19, 2009. Plaintiffs offer a variety of reasons why the modification letter is nevertheless enforceable, including that the offer was ambiguous, that BANA waived the time requirement by accepting payment, and that BANA's agent (Rogers) prevented Plaintiffs from complying timely.

4

Plaintiffs argue the offer letter was ambiguous because it did not specify a time by which the signed offer had to be received before it expired. The modification offer letter stated that Plaintiffs were to:

> [i]ndicate your acceptance of this offer for a Modified Mortgage. . . by signing the attached acceptance, which must be signed by each borrower and returned within seven days of this letter. If we do not receive this signed acceptance letter, this offer will expire automatically without further notice.

(BANA RJN at 1.) On its face, the condition was not ambiguous, nor does the FAC itself allege or explain how it was ambiguous or otherwise unenforceable. The argument that there is no time limit specified for receipt, even if pleaded, is not a plausible basis for claiming that signing and returning 13 days later is still effective to form an enforceable contract.

Plaintiffs also argue that Rogers' unavailability during the time period prevented them from being able to comply with the seven-day turnaround or made the offer letter ambiguous. Again, there are no allegations in the complaint to this effect. Given that Plaintiffs allege that they eventually did sign and return the letter without speaking to Rogers, the Court declines to speculate on whether the matters argued in Plaintiffs' opposition briefs, if pleaded, would be sufficient to state a viable claim.

Finally, Plaintiffs argue that BANA retained the benefits of the agreement by accepting payment of the modified amount. However, acceptance of payments on a debt already owed does not establish that BANA was doing anything other than continuing on under the original agreement as if Plaintiff had not accepted the modification offer. *See Grant v. Aerodraulics Co.*, 91 Cal. App. 2d 68, 75, 204 P.2d 683 (1949) (mere promise to do what the promisor is already bound to do is not sufficient consideration for new promise); *Williams Const. Co. v. Standard-Pac. Corp.*, 254 Cal. App. 2d 442, 453 (1967 (same). Under California law, "doing or promising to do what one is

already legally bound to do cannot be consideration for a promise." 1 Witkin, SUMMARY OF CALIF. LAW (10th ed., 2005) Contracts, § 218, p. 251.

For these reasons, BANA's motion to dismiss the breach of contract claim is **GRANTED WITH LEAVE TO AMEND**.

*B.     Promissory Estoppel*

Like their breach of contract claim, Plaintiffs' promissory estoppel claim appears to founder on the shoals of the limited-time offer. First, the allegations are that "[o]n or about *December, 2009*, [BANA] promised, assured and/or represented to Plaintiffs that they would modify the Loans." (FAC ¶ 34, emphasis supplied.) There are no allegations about the nature of the promise that was made in December 2009. Assuming that Plaintiffs actually meant to allege that the promise was the earlier offer to modify the terms of their loan, presented on October 6, 2009, the promise here was to extend an offer that expired after seven days, nothing more. Plaintiffs allege that they acted in reliance by "advancing moneys to" BANA, and suggest in their opposition briefs that these moneys were more than just the payments they already owed. However, based on the allegations of the FAC and the loan modification letter judicially noticed by the Court, the nature of the promise here is unclear, at best, as is the nature of the payments Plaintiffs made after that loan modification letter was sent to them. The motion to dismiss this claim is **GRANTED WITH LEAVE TO AMEND**.

*C.     Fraud*

Plaintiffs' fraud claim alleges "[o]n or about December 2009, [BANA] represented to Plaintiffs that it would modify the loans if Plaintiffs paid certain fees and made their monthly payments." (FAC ¶ 40.) The general allegations do not make reference to any representations in December 2009. Again, assuming that the allegations refer to the October 6, 2009 letter, the

6

representation therein is a time-limited offer of a loan modification and Plaintiffs responded to that offer after the deadline stated therein.

A claim for fraud based upon a false promise requires that Plaintiffs allege: "(1) a material misrepresentation, (2) knowledge of its falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damage." *First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 938-39 (N.D. Cal. 2008) (citing *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996)). Here, it is unclear what material misrepresentations Plaintiffs allege were made, what form those statements took (*i.e.* statements from Rogers at BANA, statements in the offer letter, or some other statements), and other details of the claim. Claims for fraud must be pleaded with specificity per Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997). Thus, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND** as to the fraud claim.

### D. Violation of ECOA

The Equal Credit Opportunity Act ("ECOA") makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex, marital status, or age." 15 U.S.C. § 1691(a)(1). To allege a claim for violation of the ECOA, claimants must establish that: (1) they are members of a protected class; (2) they applied for credit; (3) they were qualified for that credit; and, (4) despite qualification, they were denied credit. *See Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009); *Arikat v. JP Morgan Chase & Co.*, 430 F.Supp.2d 1013, 1025-26 (N.D. Cal. 2006). Denial of credit for purposes of the ECOA does not include "refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or

otherwise in default, or where such additional credit would exceed a previously established credit limit." 15 U.S.C. §1691(d)(6); 12 C.F.R. § 202.2(c)(2)(ii) (stating that adverse action does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account").

In their claim for violation of the ECOA, Plaintiffs allege that BANA encouraged them to apply for credit, they made the application for loan modification, they were approved and then later were informed that they had been denied, but were never given any written notice of the reasons for that denial. (FAC ¶¶ 47-49.) They allege that BANA's failure to provide any written statements regarding the denial of credit, and failure to provide mandatory disclosures, violated the ECOA. (FAC ¶ 50.) Nowhere do Plaintiffs allege that they are members of a protected class. Moreover, the complaint and the loan modification offer letter indicate that Plaintiffs were in default at the time of the offer of a loan modification. (*See* FAC ¶ 17, Defendants' RJN at 1.) Thus, Plaintiffs' allegations fail to allege both the first and fourth elements of the ECOA claim. BANA's motion to dismiss the ECOA claim is **GRANTED WITH LEAVE TO AMEND**.[3]

*E.  Negligence*

Plaintiffs' claim for negligence against BANA alleges that BANA owed them a duty of care and that it breached that duty of care. (FAC ¶¶ 54, 55.) However, California law is clear that a financial institution owes no duty of care to a borrower when it is acting merely within the scope of its conventional role as a lender of money. *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991) (citing cases). Here, Plaintiffs' allegations do not take BANA's conduct outside that conventional money lender role. Plaintiffs' argument that BANA can nevertheless be

---

[3] The Court notes that Plaintiffs' based their allegations with respect to federal jurisdiction over their complaint mainly on existence of a claim under a federal statute, though they secondarily allege diversity of citizenship. (FAC ¶ 3.) To the extent that Plaintiffs decline to amend their ECOA claim, they are given leave to amend their allegations regarding Defendants' citizenship which are not sufficient to establish diversity jurisdiction as currently pleaded. (*See* FAC ¶¶ 5-9.)

liable because it was "actively careless," while a correct statement of tort law generally, does not appear to apply in this context, and is not supported by the allegations of the FAC in any event. The motion to dismiss as to the negligence claim is **GRANTED WITH LEAVE TO AMEND** to the extent it is possible to state a viable negligence claim under these circumstances.

*F.     UCL and Declaratory Relief Claims*

Both the UCL claim and the Declaratory Relief claim in the FAC are derivative of the preceding claims. Based upon the Court's ruling as to the other claims, Plaintiffs have also failed to allege a basis for relief under Business & Professions Code §17200 or for declaratory relief. Thus, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

**II.    CLAIMS AGAINST DEFENDANTS JPM, MARIX AND RCS**

As a general matter, Plaintiffs' FAC is defective in that it lumps all defendants together without specifying the basis for their liability. This fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it does not give each defendant fair notice of the nature of the claims against it. *See, e.g., Gen-Probe Inc. v. Amoco Corp.,* 926 F.Supp. 948, 960-61 (S.D. Cal. 1996). Other than the fourth claim which expressly states that it is directed only at BANA, all other claims make allegations against "Defendants" generally. Each of the claims here appears on its face to be directed at BANA, with only the barest mention that JPM and Marix refused to honor the loan modification (FAC ¶ 26), and a complete absence of allegations as to RCS.[4]

Moreover, although Plaintiffs argue that JPM and Marix may have liability as successors to BANA, such successor liability is not sufficiently alleged. Normally, a purchaser does not assume the liabilities of the transferring party except in certain narrow situations, including an express or

---

[4] There is a conspicuous lack of any mention regarding the basis for RCS's liability either in the FAC or in Plaintiffs' opposition to the motions.

implied agreement of assumption. *See Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977); *Fisher v. Allis-Chalmers Corp. Prod. Liab. Trust*, 95 Cal. App. 4th 1182, 1188 (2002). Plaintiffs argue that it can be "reasonably assumed that" there are agreements between BANA and JPM about rights and obligations with respect to the transferred loan, and that they should be given a chance to learn the terms of those agreements, including whether they support successor liability, in discovery. Plaintiffs misunderstand their pleading obligations. They must have some good faith basis for asserting that JPM, Marix, and RCS are liable on the claims in their FAC as successors. Moreover, even if the agreement between BANA and JPM expressly included an assumption of such liability, Plaintiffs have not explained how this would lead to liability for either Marix or RCS.

In their opposition briefs, Plaintiffs also offer a variety of arguments about conduct of JPM and Marix that they believe would give rise to their direct liability on some of the claims alleged. For instance, Plaintiffs argue that JPM continued the fraud and misrepresentation of BANA by insisting they pay the higher monthly payment amount. They also argue that JPM and Marix are "debt collectors" covered by the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and that their violation of the FDCPA gives rise to a predicate unlawful act for purposes of their UCL claim. Again, none of these arguments bears any relation to what is actually pleaded in the FAC. The Court declines to rule on the sufficiency of any allegations Plaintiffs say that they may be able to make.

However, the Court notes that numerous courts within the Ninth Circuit have found that assignees and servicers on mortgage loans are not "debt collectors" for purposes of the FDCPA. *See, e.g., Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.'") (*citing Perry v. Stewart Title Co.,*

756 F.2d 1197, 1208 (5th Cir.1985) and other authorities); *Davidson v. JP Morgan Chase N.A.*, CV 11-03566 RMW, 2011 WL 5882678 (N.D. Cal. Nov. 23, 2011) (assignee of deed of trust on mortgage not a "debt collector"). Plaintiffs' arguments for direct liability of these defendants on the fraud, negligence and other claims suffer from a similar lack of sound legal footing. While leave to amend is granted, given that is the Court's first review of the complaint, Plaintiffs are cautioned that the claims alleged must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law." Fed. Rules of Civ. Proc., Rule 11(b)(2).

## CONCLUSION

Based upon the foregoing,

(1) The Motion of Defendant BANA is **GRANTED WITH LEAVE TO AMEND;**

(2) The Motions of Defendants JPM, Marix and RCS are **GRANTED WITH LEAVE TO AMEND**.

Plaintiffs shall file and serve their Second Amended Complaint no later than November 13, 2012. Defendants shall file and serve their responsive pleading no later than November 27, 2012.

This Order terminates Docket Nos. 72, 73, and 92.

**IT IS SO ORDERED**.

**Date: October 25, 2012**

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE**