United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN R. OWENS AND LARRY M. OWENS,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>BANK OF AMERICA, N.A., *ET AL.*,<br><br>　　　　Defendants. | **Case No.:** 11-cv-4580-YGR<br><br>**ORDER: (1) DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS OF DEFENDANT BANK OF AMERICA; AND (2) DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS AS TO DEFENDANTS J.P. MORGAN MORTGAGE ACQUISITION CORPORATION, MARIX SERVICING, LLC, AND RESIDENTIAL CREDIT SOLUTIONS** |

Plaintiff Joanne R. Owens and Larry M. Owens ("Plaintiffs") bring this action against Defendants Bank of America, N.A. ("BANA"), J.P. Morgan Mortgage Acquisition Corp. ("JPM"), Marix Servicing, LLC ("Marix"), and Residential Credit Solutions ("RCS"). The Court previously granted the defendants' motions to dismiss with leave to amend. (Dkt. No. 108, "Order.") Plaintiffs filed their Second Amended Complaint on November 13, 2012. (Dkt. No. 111.) Plaintiffs again allege claims for: (1) breach of contract; (2) promissory estoppel; (3) fraud; (4) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d)(2)(B); (5) negligence; (6) violation of California Business & Professions Code §§ 17200 et seq. and 17500 ("UCL"); and (7) declaratory relief.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **ORDERS** as follows:

The Motion of Defendants JPM, Marix and RCS to Dismiss is **DENIED IN PART AND GRANTED IN PART, WITHOUT LEAVE TO AMEND**; and the Motion of Defendant BANA to Dismiss is **DENIED IN PART AND GRANTED IN PART, WITHOUT LEAVE TO AMEND**.[1]

## DISCUSSION

### I. CLAIMS AGAINST BANA

BANA moves to dismiss all claims against it. Plaintiffs allege claims for: (1) breach of contract; (2) promissory estoppel; (3) fraud; (4) violation of ECOA; (5) negligence; (6) violation of UCL; and (7) declaratory relief. The Court addresses BANA's motion as to each claim in turn.

#### A. CONTRACT CLAIM

##### *1. FORMATION*

The Court previously granted BANA's motion to dismiss the First Amended Complaint ("FAC") with leave to amend on the grounds that the claims growing out of an alleged modification agreement were barred. The face of the pleading showed that Plaintiffs had failed to satisfy a condition precedent: timely acceptance and return of BANA's offer letter.[2] Plaintiffs offered a number of arguments in opposition to the motion which were not supported by the allegations of the FAC.

In their Second Amended Complaint ("SAC"), Plaintiffs now allege that they paid BANA an additional modification fee, along with returning the offer letter (albeit six days late), and that BANA accepted the modification fee, as well as three months' mortgage payments at the lower modified amount, without any objection to Plaintiffs' late acceptance. (SAC ¶¶ 20, 21, 32, 33.) Plaintiffs allege that the modification fee was new consideration, apart from and in addition to the

---

[1] Defendant BANA requests judicial notice of Joann R. Owens's Declaration filed in this action at Dkt. No. 4 ("Owens Dec."), as well as a copy of the Deed of Trust recorded July 27, 2007, with respect to the subject property. (Dkt. No. 113, "RJN".) The unopposed request for judicial notice is **GRANTED**. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court has considered the documents in connection with the motions to dismiss.

[2] As stated in the Court's previous Order, the modification offer letter provided that Plaintiffs were to "[i]ndicate your acceptance of this offer for a Modified Mortgage. . . by signing the attached acceptance, which must be signed by each borrower and returned within seven days of this letter. If we do not receive this signed acceptance letter, this offer will expire automatically without further notice."

2

amounts owed to BANA as mortgage payments, and would not have been paid by the Plaintiffs except as costs incident to the modification of their loan by BANA. (SAC ¶¶ 20, 32.) Plaintiffs allege that, as a result, the modification agreement is enforceable.

BANA argues, as before, that its acceptance of the modification fee and modified monthly payments is of no effect since those were amounts already owed under the existing loan agreement. Acceptance of amounts already owed cannot establish waiver of the time condition in the offer letter.

A condition precedent, such as acceptance within a specified time period, may be waived where the other party accepts late performance and retains the benefits. *See Sabo v. Fasano,* 154 Cal. App. 3d 502, 503 (1984); *Forbes v. Bd. of Missions of Methodist Epis. Church, S.*, 17 Cal. 2d 332, 335, 110 P.2d 3 (1941). "The [offeror] may or may not waive the time for acceptance but generally this decision will be expressed by his actions after receiving the late acceptance." *Sabo*, 154 Cal. App. 3d at 507-08. "As a matter of fundamental fairness the party who caused the uncertainty by late acceptance of the offer should bear the burden of clarifying matters if clarification is necessary." *Id. at* 508 (citing the analogous principle in Cal. Civ. Code § 1654 that "the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist").

In addition, "[g]enerally speaking, a commitment to perform a preexisting contractual obligation has no value." *Auerbach v. Great W. Bank,* 74 Cal. App. 4th, 1172, 1185 (1999). Thus, submission of payments already owed under an existing agreement would not be consideration giving rise to a new, enforceable promise. Id.; see also 1 Witkin, SUMMARY OF CALIF. LAW (10th ed., 2005) Contracts, § 218, p. 251. However, consideration may be found to exist even when it "'consists almost wholly of a performance that is already required . . . [i]t is enough that some small additional performance is bargained for and given.'" *Ansanelli v. JP Morgan Chase Bank, N.A.,* No. C 10–03892 WHA, 2011 WL 1134451, at *4 (quoting *House v. Lala,* 214 Cal. App. 2d 238, 243 (1963)).

Here, the terms of the offer letter describe the alleged modification fee as a "mortgagor contribution of $1,097.85," and further describe the "contribution" as follows:

3

> [the contribution] includes any required escrow funds. These fees are estimates and may change. Should the title and attorney fees be less than the estimated figures, Bank of America will apply the overage accordingly. If they are more than stated, we will ask you to send us certified funds to cover the shortages.

(Owens Dec., Exh. 1 at p. 2.) In a prior declaration in support of Plaintiffs' application for a temporary restraining order, Joanne Owens stated her understanding that the payment was to cover costs associated with the modification, preparation of legal documents, notarization, and FedEx fees. (Owens Dec., ¶ 11.) The account statement attached to the Owens Declaration shows that BANA accepted the $1097.85 mortgagor contribution from Plaintiffs and characterized as a "misc. posting." Likewise, the modified payment amounts accepted by BANA subsequent to that were noted as "misc. posting" amounts as well. (Owens Dec., Exh. 2.)

BANA argues the mortgagor contribution was nothing more than "required escrow funds" that Plaintiffs already owed under the terms of the Deed of Trust. (RJN, Exh. B [Deed of Trust].) BANA points to paragraph 3, contending that the mortgagor contribution falls within the definition of "Escrow Items," which includes periodic payments for taxes, leasehold payments, and insurance. Consequently, BANA argues, acceptance of the mortgagor contribution was not an indication of waiver by BANA. However, nothing on the face of the SAC or the judicially noticeable documents, including the account statements and the Deed of Trust, indicates definitively that the mortgagor contribution was an "Escrow Item" already owed by Plaintiffs.

The mortgagor contribution language in the offer letter can be read reasonably to mean that such a payment is additional consideration for the modification agreement. Plaintiffs allege that BANA accepted that payment, as well as their six-days-late written acceptance of the offer letter, without objection. Based on these allegations, Plaintiffs have now sufficiently stated a basis for their contention that BANA waived the time requirement and a contract to modify their loan was formed.[3]

---

[3] BANA argues that the Court's Order on the prior motion to dismiss is binding law of the case. However, as the Court noted in that Order, Plaintiffs had not alleged this mortgagor contribution argument in their FAC. The Court is well within its authority to deny a motion to dismiss where the amended pleadings cure the concerns raised by the previous order.

4

### 2. STATUTE OF FRAUDS

BANA also argues that the contract claim fails because it does not comport with the Statute of Frauds. Under California law, loan modification agreements are subject to the Statute of Frauds, California Civil Code section 1624, which states that certain contracts are invalid unless "they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged." Cal. Civ. Code § 1624(a); *see also* Cal. Civ. Code § 1698 ("a contract in writing may be modified by a contract in writing"). To satisfy the statute of frauds, the writing may be informal and need not be a signed contractual agreement, so long as it evidences the existence of an agreement. *See* 1 Witkin, SUMMARY OF CALIF. LAW (10th ed., 2005) Contracts, §§ 351, 352. The "writing" to which the statute refers can include "an exchange of letters ... or ... a writing from one party to the other acted upon by the other." *Goodman v. Community Sav. & Loan Ass'n,* 246 Cal. App. 2d 13, 23 (1966); *see also Rex v. Chase Home Fin. LLC*, SACV 12-0609 DOC, 2012 WL 5866209 (C.D. Cal. Nov. 19, 2012). A mortgage or deed of trust falls within the statute of frauds, and an agreement to modify a mortgage or deed of trust is also subject to the statute of frauds. *Secrest v. Security Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552-53 (2008).

BANA argues that since the offer letter they sent to Plaintiffs was not signed by BANA or its agent, that document could not be a writing for purposes of the Statute of Frauds. However, California law does not strictly require a "signature" in order to find that the party to be charged subscribed to the writing. *Cf. Donovan v. RRL Corp.*, 26 Cal. 4th 261, 277-78 (2001) (when advertisement constitutes an offer, printed name of the merchant is sufficient to show that merchant subscribed to the writing for purposes of the Statute of Frauds); s*ee also Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1362 (Fed. Cir. 2005) (citing long-standing California Supreme Court authority holding that typed names appearing on the end of telegrams or letters are sufficient to be a "signature" under the Statute of Frauds). The offer letter was specifically addressed to Plaintiffs, referenced their loan number, was printed on Bank of America letterhead, specified all terms, and the cover letter closed with "Sincerely, Loss Mitigation." (Owens Dec., Exh. 1 at p.1.) This establishes an adequate basis for satisfying the Statute of Frauds.

Thus, the Court concludes Plaintiffs have pleaded facts sufficient to establish that a contract was formed and that contract was not rendered unenforceable due to the Statute of Frauds. The motion to dismiss the contract claim is **DENIED**.

### B.  PROMISSORY ESTOPPEL CLAIM

Plaintiffs also allege a claim for promissory estoppel, in the alternative. They allege that BANA promised them a loan modification by virtue of its offer letter, and that they paid modification fees and made mortgage payments in reliance on that promise. (SAC ¶¶ 39, 40, 41.)[4] Like the breach of contract claim, Plaintiffs' new allegations that they paid an additional fee in reliance on the promise are sufficient to state a claim for promissory estoppel. *See Aceves v. U.S. Bank, N.A,* 192 Cal. App. 4th 218, 226 (2011) (oral promise by bank to "work on" modification coupled with borrower's agreement to forego bankruptcy relief in reliance on that promise established promissory estoppel); *Salcido v. Aurora Loan Servs.*, CV 11-02032 AHM FFMX, 2012 WL 123280 (C.D. Cal. Jan. 17, 2012) (promissory estoppel sufficiently alleged where borrower made improvements to home and forewent bankruptcy in reliance on promise of loan modification). The motion to dismiss the promissory estoppel claim is **DENIED**.

### C.  FRAUD CLAIM

Plaintiffs bring a third claim for fraud. Under California law, the elements of a claim for fraud are: (1) misrepresentation of a material fact; (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Lazar v. Super. Ct.,* 12 Cal. 4th 631, 638 (1996). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997). The knowledge or scienter element of a fraud claim need not be pleaded with particularity, but may be made alleged generally pursuant to Rule 9(b). *Odom v. Microsoft Corp.,* 486 F.3d 541, 554 (9th Cir.

---

[4] The allegations of paragraph 41 actually say that "Defendants" paid modification fees and made mortgage payments. (SAC ¶ 41.) The Court recognizes this as a typographical error such that "Defendants" should have read "Plaintiffs."

6

2007). However, knowledge must still be pleaded sufficiently to make entitlement to relief plausible. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 569 (2007); *see also Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008) aff'd, 322 F. App'x 489 (9th Cir. 2009).

The Court previously found that the allegations of the FAC regarding fraud were unclear as to what material misrepresentations were made, what form those statements took (*i.e.* statements from Rogers at BANA, statements in the offer letter, or some other statements), and other details of the claim. The fraud claim in the SAC is nearly word-for-word identical to the FAC. For example, Plaintiffs again allege that "[o]n or about *December* 2009, [BANA] represented to Plaintiffs that it would modify the loans if Plaintiffs paid certain fees. . . [and] made their monthly payments," despite acknowledging in their argument they meant to allege *October* 2009. (SAC ¶ 45, emphasis supplied.) The only change to this claim in the SAC is that Plaintiffs now allege they were instructed to pay, and did pay, extra fees to obtain the modification. (*See* SAC ¶ 45.) Even giving the SAC a liberal reading, the allegations are insufficient to state the nature of the fraudulent representation, why it was misleading, and that it was made by someone at BANA with knowledge of its falsity and intent to deceive. The allegations that BANA "knew or should have known" that its representations were false, and that it had no intention to perform, are conclusory and insufficient to state a plausible claim for fraud under the *Twombly* standard. Accordingly, the Court finds that these allegations are not sufficient to state a claim for fraud against BANA and the motion to dismiss is **GRANTED** as to this claim.

### D. EQUAL CREDIT OPPORTUNITY ACT CLAIM

Plaintiffs allege a violation of the procedural requirements of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), namely that a creditor must, within 30 days of receiving a completed application for credit, notify the applicant of its action on the application and provide a specific statement of the reasons for any adverse action. 15 U.S.C. § 1691(d)(2).[5] Plaintiffs allege that they made a loan modification application in October 2009 and were approved, but after

---

[5] The Court's Order on the prior motion to dismiss the ECOA claim found that Plaintiffs failed to allege they were members of a protected class for purposes of an ECOA claim. Plaintiffs have since amended and clarified their claim as asserting only violation of the procedural notice requirements in the statute, not discrimination.

7

making payments for three months (and thus becoming "current" in their payments), they were notified in early 2010 that the application was denied "and/or" that they had to reapply for a modification. (SAC ¶ 53.) Plaintiffs claim that they were never given a written notice of the reasons for that adverse action. (SAC ¶ 53.)

As the Court's prior Order stated, adverse action for purposes of the ECOA does not include "refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit." 15 U.S.C. §1691(d)(6); *see also* 12 C.F.R. § 202.2(c)(2)(ii) (stating that adverse action does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account"). Plaintiffs allege that they were "approved" in October 2009 and then "denied" in early 2010 on the same application. (SAC ¶ 53.) But their other allegations and the matters judicially noticeable here show that: (1) Plaintiffs were approved and given an offer by BANA; (2) the offer was contingent on timely acceptance; and (3) Plaintiffs were in default at the time of that application. BANA's repudiation of the prior offer, under these circumstances, was not a denial of a credit application as to which a notice of adverse action was required under the ECOA. Accordingly, BANA's motion is **GRANTED** without leave to amend as to this claim.

E. **NEGLIGENCE CLAIM**

The SAC again alleges a claim for negligence based upon the contention that Defendants were "actively careless" in enticing Plaintiffs to pay additional fees to modify their loan and then failing to abide by their promises and to properly secure documents provided by Plaintiffs to them. (SAC ¶ 60.) As with their FAC, Plaintiffs fail to make any plausible allegations of a duty owed to them by BANA so as to overcome the well-established law that lenders generally owe no duty to borrowers. *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991) (financial institution owes no duty of care to a borrower when it is acting merely within the scope of its conventional role as a lender of money, citing cases); *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1063 (E.D. Cal. 2010) (same).

The portions of *Ragland v. U.S. Bank, N.A.,* 209 Cal. App. 4th 182 (2010), cited by Plaintiffs, are inapposite to their negligence claim. Those portions of *Ragland* concerned allegations of intentional infliction of emotional distress where a wrongful foreclosure was carried out in spite of the bank's instructions to the borrower to go into default so she could apply for a modification, only to have the bank then increase the payment amounts and deny a modification. *Ragland,* 209 Cal. App. 4th at 203-204. The *Ragland* court went on to hold that the borrower had not alleged a duty of care for purposes of negligence liability, citing with approval the earlier *Nymark* decision. *Ragland*, 209 Cal. App. 4th at 205-07. Plaintiffs' claim alleges negligence by BANA and the other defendants, not intentional and outrageous conduct. As in *Ragland*, in the absence of a basis for finding a duty of care on the part of a lender, no negligence claim can be stated.

Again, Plaintiffs have attempted to turn a contractual claim into a tort claim without alleging a factual basis for such liability – in this instance, facts supporting imposition of a duty of care. The motion to dismiss the negligence claim is **GRANTED**.

### F. BUSINESS & PROFESSIONS CODE § 17200 CLAIM

California's Unfair Competition Law, Business & Professions Code section 17200 *et seq.* ("UCL") "prohibits unfair competition, including unlawful, unfair, and fraudulent business acts." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). Plaintiffs incorporate all their other allegations in the UCL claim. BANA moves to dismiss on all three prongs.

To adequately plead a UCL claim based on the unlawful prong, a plaintiff must allege that the defendant violated some other law, whether it is state, federal or local. *See Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1383 (2010). Because Plaintiffs sufficiently allege a claim for breach of contract and promissory estoppel, they have alleged a predicate for a UCL unlawfulness claim and possibly an unfairness claim as well. *See Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 252 (2011) (California courts have applied a variety of tests to the unfairness prong, including requirement that claim is tethered to other legal requirements or that conduct is "unethical, oppressive, unscrupulous or substantially injurious to consumers"). Similarly, because Plaintiffs' allegations in their fraud claim are not sufficient, their UCL claim based upon fraudulent

conduct is also insufficient. Because at least one UCL prong is sufficiently pleaded, the motion to dismiss the UCL claim is **DENIED**.

### G. DECLARATORY RELIEF

Plaintiffs seek declaratory relief alleging that there is a current controversy in that they assert rights under a modification agreement with BANA, but BANA refuses to honor that modification agreement. Further, they allege that BANA sold their mortgage to JPM, and Marix is JPM's servicer. (SAC ¶ 25.) Plaintiffs allege that JPM and Marix were aware of the loan modification with BANA, but also refuse to honor that agreement and have begun the foreclosure process. (SAC ¶¶ 26-29.) The foreclosure process was halted by the instant litigation – a temporary restraining order was entered by the Court on September 16, 2011 (Dkt. No. 12), and thereafter Defendants stipulated to a preliminary injunction (Dkt. No. 27).

Resolution of this controversy will affect Plaintiffs' rights in the property going forward. Plaintiffs have now alleged a viable claim to enforce the alleged modification agreement. The claim for declaratory relief is therefore appropriate, and the motion to dismiss is **DENIED**.

## II. CLAIMS AGAINST JPM, MARIX, AND RCS

As with the prior complaint, the SAC again fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because it does not give each defendant fair notice of the nature of the claims against it. *See, e.g., Gen-Probe Inc. v. Amoco Corp.,* 926 F.Supp. 948, 960-61 (S.D. Cal. 1996). Indeed, Plaintiffs do not appear to have made any effort to correct the pleading deficiencies identified in the Court's Order with respect to Defendants JPM, Marix and RCS.

Plaintiffs allege that BANA sold their mortgage to JPM. (SAC ¶ 25). They further allege that Marix is JPM's servicer. (SAC ¶ 25.) The SAC has no allegations as to RCS except to list it in the caption of the complaint, and to state, on information and belief, that it is a Delaware corporation doing business in California. Plaintiffs allege that JPM and Marix were aware of the loan modification with BANA, but also refuse to honor that agreement and have begun the foreclosure process. (SAC ¶¶ 26-29.) It is only in the opposition to the motion to dismiss that Plaintiffs explain their understanding that Marix transferred servicing responsibilities on the loan to

10

RCS at some point after the filing of the original complaint. Despite the thinnest of factual allegations as to these three defendants, Plaintiffs contend that they are liable for all of the claims except the ECOA claim. While Plaintiffs' argued, in opposition to the prior motion, that these defendants are liable as successors to BANA, they have not added any allegations to establish successor liability.

In opposition to the current motion, Plaintiffs argue that "Defendants" are "purchasers and successors," "assignees," "holders in due course." (Plaintiffs' Opposition to Motion to Dismiss of J.P. Morgan, *et al.*, Dkt. No. 118, at 6:13-7:2.) None of these theories is pleaded, or even hinted at, in the SAC. Plaintiffs do not offer any cogent explanation of how these various theories would result in liability on the part of JPM, Marix, or RCS. As the Court's prior Order stated, Plaintiffs' pleading obligations require that they allege "some good faith basis for asserting that JPM, Marix, and RCS are liable on the claims," whether as successors, assignees, or otherwise. (Order at 10.) Having failed to plead such a basis in the SAC, the claims for breach of contract, promissory estoppel, negligence, fraud, and UCL violation must be dismissed against JPM, Marix and RCS.

By contrast, as to Plaintiffs' declaratory relief claim, the Court agrees that there is a current controversy in that Plaintiffs assert rights under an agreement to modify the terms of the loan with BANA, and BANA refuses to honor that modification agreement. This, in turn, affects the rights of JPM, as well as JPM's servicers (Marix and now RCS[6]), which seek to proceed with a non-judicial foreclosure on the loan. As a result, the Court finds that the claim for declaratory relief as to JPM, Marix, and RCS is well stated, and the motion to dismiss this claim is **DENIED**.

## CONCLUSION

Based upon the foregoing, the Court **ORDERS** that:

(1) The motion of Defendant Bank of America, N.A. to dismiss Plaintiffs' claims for fraud, negligence, and ECOA violation is **GRANTED** and those claims are **DISMISSED** as against Defendant Bank of America, N.A. The motion to dismiss is otherwise **DENIED**. Defendant Bank

---

[6] Despite Plaintiffs' failure to amend to allege that RCS is the current loan servicer, there appears to be no dispute about this fact. The Court, in the interests of justice and efficiency, deems the SAC to so state for purposes of the declaratory relief claim only.

11

of America, N.A. shall file its answer to Plaintiffs' claims for breach of contract, promissory estoppel, UCL violation and declaratory relief no later than **May 21, 2013.**

(2) The motion of Defendants J.P. Morgan Mortgage Acquisition Corp., Marix Servicing, LLC, and Residential Credit Solutions to dismiss Plaintiffs' claims for breach of contract, promissory estoppel, fraud, negligence, and UCL violation is **GRANTED** and those claims are **DISMISSED** as against Defendants J.P. Morgan Mortgage Acquisition Corp., Marix Servicing, LLC, and Residential Credit Solutions. The motion to dismiss is otherwise **DENIED**. Defendants J.P. Morgan Mortgage Acquisition Corp., Marix Servicing, LLC, and Residential Credit Solutions shall file their answer to Plaintiffs' claim for declaratory relief no later than **May 21, 2013.**

**IT IS SO ORDERED**.

**Date: April 30, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**