ROBERT F. KANE (State Bar No. 71407)
E-mail: RKane1089@aol.com
LAW OFFICES of ROBERT F. KANE
870 Market Street, Suite 1128
San Francisco, CA 94102
Telephone: (415) 982-1510
Facsimile: (415) 982-5821

SHIRLEY HOCHAUSEN (State Bar No. 145619)
PAUL COHEN (State Bar No. 145619)
LEGAL AID of MARIN
30 North San Pedro Road
San Rafael, CA 94903
Telephone: (415) 982-0230
Facsimile: (415) 492-0947

Attorneys for Plaintiffs
JOANN R. OWENS and LARRY M. OWENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT of CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| JOANN R. OWENS and LARRY M. OWENS,<br><br>       Plaintiffs,<br><br>vs.<br><br>BANK of AMERICA N.A., MARIX SERVICING, LLC, J.P. Morgan MORTGAGE ACQUISITION CORP, et al.<br><br>       Defendants. | Case No.  4:11-CV-04580-YGR<br><br>**MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE PROPOSED AMENDED COMPLAINT OR SET HEARING AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

1

2

## TABLE OF CONTENTS

3    Notice of Motion ..................................................................................1

4    Statement of Facts ................................................................................2

5    Argument

6
        I. Plaintiffs Have a Valid Cause of Action for
7         Fraud Against B of A……………………………………………..5

8        II. Plaintiffs Have Stated a Cause of Action for Negligence
          Against B of A……………..……………………………………....7
9

        III. Plaintiffs Have a Valid Cause of Action for ECOA Against
10        B of A……………………………………………………………....8

11
        IV. Plaintiffs Have a Valid Cause of Action for Intentional
12        Infliction of Emotional Distress Against B of A…………………………9

13
        V. Plaintiffs Have a Valid Cause of Action for Violation of
14        FDCPA Against Marix…………………………………….………..10

15
     Conclusion…………………………………………………….…..11
16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RECONSIDERATION

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Alva v. Cook,*
49 Cal.App.3d 899, 902 (1975) ..................................................7

*Cirkot v. Diversified Fin. Sys, Inc.,*
839 F.Supp. 941, 944 (D. Conn. 1993) ...................................10

*Creighton v. Emporia Credit Service, Inc.,*
981 F.Supp. 411, 416_ (E.D. Va. 1997) ...................................10

*Dean W. Knight & Sons, Inc. v. First W. Bank & Trust Co.,*
84 Cal.App.3d 560  (1978) .......................................................5

*DeZemplen v. Home Fed. Sav. & Loan Ass'n,*
221 Cal.App.2d 197 (1963) ......................................................6

*Dunlap v. Credit Protection Ass'n, L.P.,*
419 F.3d 1011, 1012 (9th Cir. 2005) ......................................9

*Finazzo v. Hawaiian Airlines,*
U.S. DIST LEXIS 26003*13, (D. HAW, 2007) .....................5

*Finnegan v. Univ. of Rochester Med. Ctr,*
21 F.Supp.2d 223, 229 (W.D. NY, 1998) ...............................10

*Foman v. Davis,*
371 U.S. 178, 182 (1962) .........................................................5

*In re Morris,*
363 F.3d 891, 894 (9th Cir. 2004) ..........................................5

*Jeter v. Credit Bureau, Inc.,*
760 F.2d 1168, 1175 (11th Cir. 1985) ....................................10

*Kahlo v. Bank of America, N.A.,*
No. 2:10-CV-00488 JLR (W.D. Wa.) ......................................3

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
231 Cal. App. 3d 1089 (1991) .................................................7

*Ragland v. U.S. Bank, N.A.,*
209 Cal.App.4th 182 (2010) ................................................4, 9

*Schlegel v. Wells Fargo, __*
F.3d __ [2013 DJDAR 8769] (9th Cir. 2013) ...................3, 4, 8

**STATUTES**

United States Code

15 U.S.C. §1691 ....................................................................2, 8
15 U.S.C. §1692 ......................................................................10

California Business and Professions Code

Section 17200.............................................................. 2

Federal Rules of Civil Procedure

15a)(2)..................................................................5
12(b)(6)..................................................................1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

   Plaintiffs Joanne R. Owens and Larry M. Owens ("Plaintiffs") request that this Court pursuant to FRCP 15(a)(2) allow them to leave to amend as attached as Exhibit 7 to the Declaration of Robert F. Kane filed concurrently with this Motion.[1]

   The proposed amended complaint requires this Court to reconsider its prior order of April 30, 2013, with respect to defendant Bank of America ("B of A") as to the third cause of action for Fraud, the fourth cause of action as to violation of the federal Equal Credit Opportunity Act ("ECOA") and the fifth cause of action for Negligence, which causes of action were dismissed without leave to amend. Plaintiffs seek reconsideration pursuant to Civ. L.R. 7-9 based on new factual and legal developments as more fully set forth in the accompanying points and authorities and the declaration of Robert F. Kane filed concurrently with this Motion. In addition, the proposed amended complaint adds two additional causes of action; a sixth cause of action for intentional infliction of emotional distress against B of A and a seventh cause of action against Marix Servicing, LLC ("Marix") for violation of the federal Fair Debt Collection Practice Act ("FDCPA").

   Plaintiffs seek to have this Court grant reconsideration and allow Plaintiffs to file their proposed Third Amended Complaint, attached as Exhibit 7 to the Declaration of Robert F. Kane filed concurrently with this Motion. Alternatively, Plaintiffs request to file their proposed Third Amended Complaint and that this matter be set for hearing.

Dated: July 31, 2013                    LAW OFFICES OF ROBERT F. KANE
                                        LEGAL AID OF MARIN

                                        __s/Robert F. Kane_____
                                        By ROBERT F. KANE

---

[1] All references to Exhibits ("Ex _.") refer to the Exhibits attached to the Declaration of Robert F. Kane filed concurrently with this Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

Plaintiffs Joann R. Owens and Larry M. Owens ("Plaintiffs") brought this action against Defendants Bank of America, N.A. ("B of A"), J.P. Morgan Mortgage Acquisition Corp. ("JPM"), Marix Servicing, LLC ("Marix"), and Residential Credit Solutions ("RCS" collectively "Defendants"). Plaintiffs' initial complaint filed on September 15, 2011 alleged claims for: (1) breach of contract; (2) promissory estoppel; (3) fraud; (4) violation of the Equal Credit Opportunity Act [15 U.S.C. §1691] ("ECOA"); (5) negligence; (6) unfair business practices in violation of California Business & Professions Code §§ 17200, 17500 ("UCL"); and (7) declaratory relief.

On October 25, 2012 this Court granted Defendants' motions to dismiss with leave to amend. Dkt. No. 108. Plaintiffs filed a Second Amended Complaint ("SAC") that alleged the same causes of action, Defendants again move to dismiss. On April 30, 2013, this Court denied in part and granted in part the motions to dismiss without leave to amend. In particular, this Court allowed Plaintiffs to pursue a breach of contract, promissory estoppel, UCL and declaratory relief claims against B of A and the declaratory relief claim against all the remaining defendants. This Court refused to allow Plaintiffs' causes of action for fraud, negligence, and ECOA claims against B of A. Dkt. No. 126.

Since this court's ruling of April 30, 2013, there have been new developments that warrant Plaintiffs being allowed to file a Third Amended Complaint ("TAC") alleging the following additional causes of action against B of A: fraud, negligence, violation of ECOA, as well as a cause of action for intentional infliction of emotional distress. These new developments, which are discussed in more detail below, are as follows.

First, Plaintiffs have learned from declarations filed on June 7, 2013, in *In Re: Bank of America Home Affordable Modification Program (HAMP) Contract Litigation,* No. MDL No. 2193 (D. Mass.), one of B of A's former employees have stated under oath that at the time of the events set forth in the Plaintiffs' complaint B of A had instituted "delay and rejection programs," similar to the delays and rejection alleged in the instant case that were "methodically carried out." Ex. 1, ¶12. Moreover, in the case of *Kahlo v. Bank of America, N.A.,* No. 2:10-CV-00488 JLR (W.D. Wa.) another former B of A employee stated under oath that:

> Bank of America regularly ignored completed loan modifications and did not treat the loan as having been modified in its computer system. Even after a homeowner signed and returned modification documents, Bank of America's computer system continued to show the loan as delinquent. Bank of America continued to report homeowners as delinquent to credit reporting agencies and went forward with foreclosure.

Ex. 2, ¶6. A third former employee stated under oath that:

> Bank of America ignored completed loan modifications and did not treat the loan as having been modified in the computer system. Even after the homeowner signed and returned the documents, Bank of America's computer continued to show the loan as delinquent.

Ex. 3, ¶12. Such policies, practices and internal procedures support Plaintiffs' claims for fraud and negligence against B of A that this Court previously dismissed.

Second, in the recent case of *Schlegel v. Wells Fargo,* ___ F.3d ___ [2013 DJDAR 8769] (9th Cir. 2013), decided on July 3, 2013 and attached to the Declaration of Robert F. Kane filed concurrently with this Motion as Exhibit 6, the Ninth Circuit overturned an order dismissing an ECOA claim in circumstances similar to those in the case at bar. In *Schlegel*, the Ninth Circuit found that a lender who terminated a loan modification agreement had, under ECOA, revoked the Plaintiffs credit for purposes of 15 U.S.C. §1691(d)(6), the

1    provisions of the ECOA that require notice to a consumer when there is a change in the

2    extension of credit. *Id.* at 8771-8772.

3           As in *Schlegel*, the B of A canceled the Plaintiffs' modification and failed to provide

4    the notice required by the ECOA. B of A may argue that *Schlegel* is inapposite as no

5

6    modification was created in the case at bar. Whether or not a modification was created,

7    when B of A accepted fees and modified payments for a three month period, is a question

8    for a trier of fact. The issue of whether the terms of credit were changed precipitating an

9    ECOA notice can only be addressed once there has been a finding as to whether or not a

10

11   modification was created and cannot be disposed of before that time on a motion to dismiss.

12   See e.g. *Ragland v. U.S. Bank, N.A.,* 209 Cal.App.4th 182 (2010) [cause of action based on

13   disputed wrongful foreclosure allowed to go to trier of fact]. The *Schlegel* decision thus

14   supports Plaintiffs' cause of action for an ECOA violation which this Court previously

15   dismissed.

16          Finally, under California law, a cause of action for intentional infliction of emotional

17   distress has been recognized in *Ragland*. In *Ragland*, the Court of Appeal reversed the trial

18   court's the summary adjudication of a cause of action for intentional infliction of emotional

19

20   distress where the plaintiff borrower showed that the lender induced her to skip a loan

21   payment, refused to later accept her loan payment and then foreclosed on her home.

22   *Ragland,* 209 Cal.App.4th at 204. So long as Plaintiffs had a cause of action for negligence,

23   it may not have been necessary to allege another tort claim for intentional infliction of

24   emotional distress. As recognized in *Ragland,* however, such a claim is independent of any

25

26   negligence claim and Plaintiffs should be allowed to pursue that cause of action by

27   amending its complaint. *Id.* at 203-205.

28

1  Consequently, each of these developments justify this Court to allow Plaintiffs to file

2  the proposed TAC and this matter should be set for a hearing.

3  ## ARGUMENT

4  "The court should freely give leave when justice so requires." FRCP 15(a)(2). If the

5  facts or circumstances a Plaintiff relies upon may be the basis of relief, Plaintiff should be

6  afforded an opportunity to test the claim on the merits. *Finazzo v. Hawaiian Airlines,*

7  (2007) U.S. DIST LEXIS 26003*13, D. Haw, (2007) citing *Foman v. Davis*, 371 U.S. 178,

8  182 (1962).  In exercising its discretion to grant leave to amend, a court "should be guided

9  by the underlying purpose of rule 15(a)... which was to facilitate decisions on the merits

10 rather than on technicalities of the pleadings." *In re Morris,* 363 F.3d 891, 894, (9th Cir.

11 2004) To the extent that this motion requires the Court to reconsider its prior ruling, there

12 are new material facts and changes of law that occurred after the time of such order and

13 there are material difference in fact or law  that exist from that which was presented to the

14 court before entry of the order.  Civ. L.R. 7-9(b)(1)-(2).  Although denominated TAC, the

15 proposed amended complaint is in essence a second amended complaint without benefit of

16 any discovery.  As set forth below, justice requires that Plaintiffs be granted leave to amend

17 their complaint so that all their claims can be resolved on the merits after full discovery.

18 ## I.
## PLAINTIFFS HAVE A VALID CAUSE OF ACTION FOR FRAUD AGAINST B OF A.

19 In ruling that Plaintiffs could not state a cause of action for fraud, this Court held that

20 the SAC the allegations that B of A "knew or should have known" and that "it had not

21 intention of performing" were "conclusory and insufficient to state a plausible claim for

22 fraud under the *Twombley* standard. Dkt. No. 126, p. 7:12-17.  Although no discovery has

23 taken place in the case at bar, Plaintiffs have learned that in other cases, discovery revealed

that B of A engaged in such conduct pursuant to policy.  As set forth below, these new facts are sufficient to establish a claim for fraud.

Where a lender induces a borrower to give additional consideration not intending to perform, fraud has been found.  *Dean W. Knight & Sons, Inc. v. First W. Bank & Trust Co.,* 84 Cal.App.3d 560   (1978) [assignment of collateral for false promise to make loan]. Similarly where a lender gives inaccurate or incomplete advise to a borrower gives rise to fraud. *DeZemplen v. Home Fed. Sav. & Loan Ass'n,* 221 Cal.App.2d 197 (1963).

Based on the newly discovered information from other cases, it is clear that B of A had a company policy to misrepresent the status of modifications, to mislead homeowners into believing they had modifications and then, based on pretext to deny those modifications.   Indeed the sworn declarations of former employees sets out part of this scheme whereby the B of A would grant a modification and then fail to show the permanent modification in the borrower's record; rather, the computer would show the account as delinquent and the foreclosure process would be commenced. Ex. 4, ¶¶ 5-8.  As stated by a different former B of A employee:

> In the case of permanent modifications I could see the system when Bank of America granted a permanent loan modification to a borrower. I could also see that the account had not been updated and payment amounts were shown as delinquent despite the modification. In other words the modified terms of the loan were not properly reflected in Bank of America's account records.

Ex. 5, ¶15. She goes on to state:

> I saw instances where Bank of America sent borrowers who were current on their permanent loan modifications foreclosure notices. In some cases where Bank of America did not update its system to implement the terms of a permanent modification Bank of America foreclosed on homes of borrowers who were not delinquent on their permanent loan modification.

*Id.* at ¶17.

MOTION FOR RECONSIDERATION

This is exactly what happened to the Plaintiffs herein. They were granted a permanent loan modification, they paid the fees for the modification and made three full monthly payments under the terms of the modification only to be told one of the scripted lies that B of A created for its employees to tell - that their modification had been "lost" and that their fees and payments had not really been pursuant to the modification rather, that they were being held in a "suspense account." This is the pattern that B of A employed again and again to confuse, discourage and outright swindle homeowners who played by the rules. Instances like that in the case at bar were not isolated, they were part of the corporate response, fashioned to enrich B of A who made more money in generating foreclosures than in keeping their promises. B of A denied modifications and falsified information at the direction of bank officials. Ex. 3, ¶16. They rewarded employees who carried out their deceptions and fired employees who questioned their unethical practices. Plaintiffs should have the opportunity to show how this widespread and fraudulent conduct put them into foreclosure.

## II.
### PLAINTIFFS HAVE A VALID CAUSE OF ACTION FOR NEGLGIENCE AGAINST B OF A.

In ruling that Plaintiffs could not state a cause of action for negligence against B of A, this Court relied on the case of *Nymark v. Heart Fed. Sav. & Loan Assn.,* 231 Cal. App. 3d 1089 (1991) and *Saldate v. Wilshire Credit Corp.,* 686 F. Supp. 2d 1051, 1063 (E.D. Ca. 2010) for the proposition that lenders generally do not owe a duty of care to borrowers. Dkt. No. 126, p. 8:22-26. In fact, the *Saldate* case relied upon by the Court created an exception to this general rule where the financial institution was "actively careless" in causing harm to the plaintiff. *Saldate,* 686 F.Supp.2d at 1062.

Here, B of A was actively careless and negligent in implementing specific policies and procedures with respect to loan modifications that were reasonably likely to harm their

borrowers.   While a bank may not generally owe a duty to its borrower, it is a well established principle in California that liability in tort is incurred when a person should have reasonably foreseen that its act or omission could cause damage to another.   *Alva v. Cook*, 49 Cal.App.3d 899, 902 (1975) The acts of B of A are at least negligent and most likely willful and under California law everyone is responsible for its willful acts. Cal. Civ. Code §1714(a).  Taking the newly discovered facts disclosed by B of A's former employees' as true, Plaintiff has made a threshold showing of carelessness by B of A such that it should be allowed to proceed with its negligence cause of action.

### III.
### PLAINTIFFS HAVE A VALID CAUSE OF ACTION FOR ECOA AGAINST B OF A.

The federal Equal Credit Opportunity Act ("ECOA") requires a creditor to notify a credit applicant when it has taken adverse action against the applicant.   Specifically, "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. §1691(d)(2)(B).

The recently decided *Schlegel* makes it clear that the notice provisions of the ECOA apply in circumstances where a modification of a loan is at issue and states plainly that a lender who terminated a loan modification under ECOA, had revoked the Plaintiffs credit for purposes of 15 U.S.C.  §1691(d)(6) and that the lender was obligated to send a notice to the borrowers pursuant to the ECOA.  *Schlegel*, 2013 DJDAR at 8771.  The issue of payments on the modified loan is only briefly addressed by the *Schlegel* court because the Plaintiffs in *Schlegel*, like the Plaintiffs In the case at bar had timely made all of the payments required of them under the modification.  It is undisputed that the B of A did not send the Plaintiffs an adverse action notice as required by the ECOA. As the Ninth Circuit said in *Schlegel* the complaint's allegations that Wells Fargo took adverse action without complying with ECOA's notice requirements are enough for the ECOA claim to survive a

1    motion to dismiss. *Id.* at 8772.

2    Here, Plaintiffs make the same allegations in the attached proposed complaint.

3    These allegations are sufficient to survive a motion to dismiss and give Plaintiffs the

4    opportunity to show that they were given a modification, that they were current in the

5    obligations under the modification and that B of A took and adverse action against them

6

7    and in failing to provide notice in violation of ECOA.

8                                       **IV.**
      **PLAINTIFFS HAVE A VALID CAUSE OF ACTION FOR INTENTIONAL**
9         **INFLICTION OF EMOTIONAL DISTRESS AGAINST B OF A.**

10   This Court's April 30, 2013's order recognized that a cause of action for intentional

11   infliction of emotional distress, which at that time had not been alleged, could be stated if B

12   of A engaged in "intentional and outrageous conduct." Dkt. No. 126, p. 9:8-9. Based on the

13   information and evidence obtained in other pending cases, and as discovery has just

14   commenced in the case at bar, Plaintiffs have learned that

15

16   In *Ragland,* the Court of Appeal reversed the trial court's the summary adjudication

17   of a cause of action for intentional infliction of emotional distress where the plaintiff

18   borrower showed that the lender induced her to skip a loan payment, refused to later accept

19   her loan payment and then foreclosed on her home. *Ragland,* 209 Cal.App.4th at 204.   In

20   so ruling, the Court of Appeal recognized that if the lender did not have the right to

21   foreclose, the lender's conduct was outrageous. *Id.* at 205.

22

23   Like *Ragland,* Plaintiffs have alleged in the TAC that B of A's policies and

24   procedures were intentionally designed to cause damage and distress to its borrowers  so

25   that B of A and its employees could benefit.  In the case of Plaintiffs, they were misled and

26   on the eve of foreclosure required to file suit to mitigage the damage and stress caused by B

27   of A's conduct.  Certainly if the facts set forth in *Ragland* were sufficient to withstand

28   summary adjudication, the allegations in the complaint are sufficient to support a cause of

action for intentional infliction of emotional distress based on B of A's policies, practices and procedures, which were likely to and did cause Plaintiffs substantial emotional distress.

## V.
## PLAINTIFFS HAVE A VALID CAUSE OF ACTION FOR VIOLATION OF FDCPA AGAINST MARIX.

"The FDCPA broadly prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e.'" *Dunlap v. Credit Protection Ass'n, L.P.,* 419 F.3d 1011, 1012 (9th Cir. 2005). FDCPA is a remedial statue to be liberally construed. *Cirkot v. Diversified Fin. Sys, Inc.,* 839 F.Supp. 941, 944 (D. Conn. 1993). FDCPA applies in consumer debt transactions as defined in 15 U.S.C. §1692a(3)-(5). A consumer debt collector is statutorily defined in 15 U.S.C. §1692a(6). Any representation that is objectively false constitutes a per se violation regardless of the intent of the debt collector. *Creighton v. Emporia Credit Service, Inc.,* 981 F.Supp. 411, 416_ (E.D. Va. 1997). Even if not objectively false, any statement which is capable of deceiving or misleading violates 15 U.S.C. §1692e. *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985). Misrepresenting the character, amount or legal status of a debt which is not owing constitutes a violation. *Finnegan v. Univ. of Rochester Med. Ctr,* 21 F.Supp.2d 223, 229 (W.D. NY, 1998). The FDCPA provides for private rights of action against debt collectors and permits debtors to recover actual damages, statutory damages and attorney fees and costs for violation of its terms. See 15 U.S.C. §1692k.

As alleged in the seventh cause of action of the proposed TAC, Plaintiffs can state a cause of action against Marix who in their capacity as a loan servicer acted as a debt collector. In that capacity, Marixby accelerating the Plaintiffs loan and and seeking sums that were not due, made false, deceptive, or misleading representations or means in connection with the attempted collection of moneys and violated the FDCPA.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons set out above, Plaintiffs ask this Court to reconsider its prior order dismissing the causes of action for fraud, violation of ECOA and negligence against B of A and to grant Plaintiffs leave to file their TAC as attached as Exhibit 7 to the declaration of Robert F. Kane.  Alternatively, Plaintiffs request that their motion for leave to file their TAC be set for hearing.

Respectfully submitted,

MARIN LEGAL AID
LAW OFFICES of ROBERT F. KANE

By: */s/ Robert F. Kane, Esq.*
Robert F. Kane, Esq.
Attorneys for Plaintiffs,
Joann R. Owens and Larry M. Owens