**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN R. OWENS AND LARRY M. OWENS,<br><br>　Plaintiffs,<br><br>　vs.<br><br>BANK OF AMERICA, N.A., *ET AL.*,<br><br>　Defendants. | Case No.: 11-cv-4580 YGR<br><br>**ORDER GRANTING MOTION OF BANK OF AMERICA TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DISCHARGING ORDER TO SHOW CAUSE** |

On November 6, 2013, Defendant Bank of America, N.A. filed a Motion to Dismiss the operative Second Amended Complaint of Plainitffs Joann R. Owens and Larry M. Owens for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt. No.148.) Defendants J.P. Morgan Mortgage Acquisition Corp., Marix Servicing, LLC, and Residential Credit Solutions, Inc., joined in the motion. (Dkt. No. 149.)

The hearing on the motion was set for December 17, 2013. Plaintiffs' response was due on November 20, 2013. Civ. L.R. 7-3(a). Plaintiffs failed to file a response to the motion timely.

On December 10, 2013, the Court issued an Order to Show Cause requiring a written response no later than 9:00 a.m. on Monday, December 16, 2013, why the motion should not be granted as unopposed and this action dismissed. The Order to Show Cause specifically stated that "[f]ailure to respond timely will result in dismissal of this action." (Order to Show Cause, Dkt. No. 153.) Plaintiffs filed no response to the Order to Show Cause.

The Motion of Bank of America, N.A. ("BANA") to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, unopposed by Plaintiffs, is **GRANTED**. Plaintiffs' allegations are insufficient to establish a basis for subject matter jurisdiction.

On April 30, 2013, this Court granted dismissal of Plaintiffs' claims under the federal Equal Credit Opportunity Act, leaving only claims under California law. (Dkt. No. 126) Plaintiffs' motion for reconsideration of that order was denied. (Dkt. No. 147.) The surviving allegations of the operative Second Amended Complaint are insufficient on their face to establish subject matter jurisdiction on the basis of a federal question. 28 U.S.C. § 1331. Once the federal question claims establishing the grounds for federal jurisdiction have been dismissed, the district court need not exercise its supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Wade v. Regional Credit Assoc.*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."). Thus, the Court no longer has a basis under section 1331 or 1367(c) to maintain jurisdiction over the case.

Plaintiffs also fail to allege jurisdiction based upon diversity of citizenship. "Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) (citation omitted); 28 U.S.C. § 1332(a). "For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business." *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citation omitted). A limited liability corporation is a citizen of all of the states of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). And, pursuant to 28 U.S.C. section 1348, "[a]ll national banking associations [are]… deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.

With respect to diversity jurisdiction under 28 U.S.C. section 1332(a), the Court previously ruled that the allegations of the First Amended Complaint had not alleged diversity of citizenship of sufficiently to establish jurisdiction. (Dkt. No. 108 at 8, n.3.) Specifically, Plaintiffs did not plead

the state of incorporation and principle place of business of BANA, J.P. Morgan Acquisition Corporation, and Residential Credit Solutions, Inc., and did not allege the citizenship of each member of Marix Servicing, LLC, a limited liability corporation. Plaintiffs never amended these allegations in the later Second Amended Complaint. Accordingly, Plaintiffs have failed to allege diversity of citizenship sufficient to establish this Court's jurisdiction.

Based upon the foregoing, the motion is **GRANTED** and this action is **DISMISSED** as to Defendants Bank of America, N.A., J.P. Morgan Chase Mortgage Acquisition Corporation, Marix Servicing, LLC, and Residential Credit Solutions Inc.

The Order to Show Cause is **VACATED** and **WITHDRAWN**.

This Order terminates Docket No. 148. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: December 17, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**